JOHN B. MERRILL ET AL. V. EQUITABLE FARM & STOCK IMPROVEMENT COMPANY.

FILED SEPTEMBER 16, 1896. NO. 6697.

1. **Bill of Exceptions:** AUTHENTICATION OF DOCUMENTS. To authenticate a document attached to a transcript as the bill of exceptions settled in the case a certificate of the clerk, under the seal of the district court, identifying the document as the original, or a copy of the bill of exceptions, is essential.

2. **Instructions:** EXCEPTIONS: REVIEW. The propriety of an instruction cannot be reviewed unless the record discloses that the giving of the instruction was excepted to by the complaining party.

3. **Pleading:** JUDGMENT: REVIEW. When the sufficiency of a petition is not attacked until after judgment, all reasonable intendments should be indulged in support of the judgment.

ERROR from the district court of Box Butte county. Tried below before BARTOW, J.

*R. C. Noleman,* for plaintiffs in error.

*Simonson & Sullivan* and *Grimes & Wilcox, contra.*

IRVINE, C.

This was an action of replevin by the Equitable Farm & Stock Improvement Company, limited, against John Merrill and Gilbert & Grow to recover certain cattle. From a judgment for the plaintiff the defendants prosecute these proceedings.

All the assignments of error except one relate to rulings on the evidence. For the most part the brief of the

plaintiffs in error merely recites the assignments of error without discussion, and without stating in what respect the rulings are deemed erroneous. These assignments cannot in any event be considered, however, because what purports to be the bill of exceptions is not accompanied by any certificate of the clerk of the court authenticating it as either the original bill or a copy thereof.

One error assigned is that the court erred in sustaining plaintiff's motion to instruct the jury to bring in a verdict for the plaintiff. This we cannot review, because it does not appear that any exception was taken to the action of the court on the trial of the case.

It is suggested in the brief that the petition does not state a cause of action. The amended petition on which the case was tried, after alleging the corporate capacity of the plaintiff, proceeds: "Plaintiff has a special ownership in and is entitled to the immediate possession of the following described goods and chattels, and was entitled to the possession of the same at the time this action was commenced, to-wit: Nineteen head of steers, from twelve to eighteen months old, of different color, branded figure 4 on the right side, and one yearling steer, branded flat-iron on the right side, all of the value of $300; that said description with reference to the age of said cattle is correct, with reference to their ages at the time this action was commenced; that plaintiff's ownership in and right to the possession of said cattle is by virtue of two certain chattel mortgages, copies of which are hereto attached, marked Exhibits A and B, and made a part of this petition." The petition then proceeds with the usual averments of unlawful detention and damage. The mortgages attached cover large numbers of cattle, and each contains a clause extending the mortgage to the increase of the cattle. The argument against the sufficiency of the petition is, first, that a mortgage on property not in existence at the time the mortgage is made is void; and second, that there is no averment in the petition that the cattle claimed are the increase of cattle specifically de-

scribed in the mortgage. We need not consider the former question. The mortgages were each made June 19, 1889. The record does not disclose when the action was commenced. In one mortgage there are described fifty-four calves, all branded figure 4 on the right side, and in the other mortgage there are described thirty-two cows, twenty-nine of which have calves by their side, and the cows are branded flat-iron on the right side. The ages of the steers claimed in the petition are fixed with reference to the time the suit was begun, and the record not disclosing when this was, the descriptions in the mortgage which we have referred to are applicable to property claimed in the petition. All reasonable intendments should be in favor of the petition when first attacked after judgment.

JUDGMENT AFFIRMED.