STATE OF NEBRASKA, EX REL. FRED W. GRAY, v. SCHOOL DISTRICT OF NORFOLK.*

FILED APRIL 21, 1897.   No. 7871.

Unauthenticated Bill of Exceptions. A bill of exceptions must be authenticated by the clerk of the trial court or it will not be considered.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Affirmed.*

*Wharton & Baird* and *Robertson & Wigton*, for plaintiff in error.

*Barnes & Tyler* and *Powers & Hays*, contra.

NORVAL, J.

This is the second appearance of the case in this court. By the former opinion, reported in 35 Neb., 438, the decision of the district court sustaining a general demurrer to the petition and dismissing the action was reversed and the cause remanded for further proceedings. Subsequently, the respondent filed an answer in the district court admitting certain allegations of the petition, denying other averments therein contained, and pleading new matters as a defense. A reply was filed, the cause was

*See following case for opinion on motion for rehearing. (*State v. School District*, 51 Neb., 237.)

submitted to the court upon the pleadings and evidence, on consideration whereof it found the issues in favor of the respondent, and dismissed the action.

The petition in error contains but four assignments, viz.:

1. The court erred in finding the issues in favor of the defendant.

2. The finding is not sustained by sufficient evidence.

3. The finding is contrary to law.

4. The court erred in overruling the motion for a new trial.

None of those assignments can be reviewed, for the reason the bill of exceptions embodying the evidence adduced on the trial is not certified as being the original bill in the case, or a copy thereof. (*Wax v. State*, 43 Neb., 18; *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb., 198; *Spurck v. Dean*, 49 Neb., 66; *Derse v. Straus*, 49 Neb., 665.) The judgment is

AFFIRMED.