STATE OF NEBRASKA, EX REL. FRED W. GRAY, V. SCHOOL DISTRICT OF NORFOLK.

FILED JUNE 3, 1897.* No. 7871.

1. Building Contract: ASSIGNMENT: EFFECT. An assignment of a building contract by the contractor was *held* not merely an assignment of the moneys thereafter to be earned, but an assignment of the whole contract with its obligations and burdens.

2. Mandamus Against School District for Issuance of Warrant for Balance Due on Building Contract. *Held,* That a writ of *mandamus* was rightly refused.

ERROR from the district court of Madison county. Tried below before ROBINSON, J. *Affirmed.*

*Wharton & Baird* and *Robertson & Wigton,* for plaintiff in error.

---

*Filed on motion for rehearing of preceding case, 51 Neb., 236.

*Barnes & Tyler* and *Powers & Hays*, contra.

NORVAL, J.

This was an application by the state, on the relation of Fred W. Gray, for a writ of *mandamus* to compel the school district of Norfolk to draw its warrant in favor of the relator for an amount alleged to be due him on a contract for the erection of a school building. A judgment for the defendant rendered in the district court was affirmed at the present term on the ground that the bill of exceptions lacked authentication. (*State v. School District*, 51 Neb., 236.) Plaintiff has applied for a rehearing of that decision. By inadvertence we overlooked the fact that attached to the record proper is a certificate of the clerk of the trial court to the effect that the original bill of exceptions in the cause is attached to the transcript; therefore the motion is well taken. We will now consider the case on its merits, which would have been the course pursued in the first instance had it not been for the oversight indicated.

It is disclosed that in November, 1889, one Martin T. Murphy entered into a written contract with the respondent, the school district of Norfolk, for the erection of a schoolhouse for the stipulated sum of $22,500, and gave a bond executed by himself as principal, and Fred W. Gray, the relator, as surety, conditioned substantially that Murphy should erect and complete the building according to said contract and pay for all the labor performed and materials used in the erection of said building. The contract, among other things, provided that "on the first of each month during the progress of the work hereby agreed to be performed, the architect shall make an estimate of the materials furnished and on the ground, and of the work done since the last previous estimate, and not included in any previous estimate, and when said estimate is furnished said first party in writing, said first party shall thereupon pay said second party

eighty-five per cent of said estimate, and the amount remaining on completion of said contract shall be due and payable when said school building shall be fully finished and accepted by said architect and by the school board, or a committee designated by the said board for the purpose, and when the said first party shall be fully satisfied that no liens or claims of any kind exist against said property, or any part thereof, for which said first party would or could be liable. Provided said first party shall have the right, at their election, instead of paying on the architect's estimates to said second party the amount from time to time found due and payable, to pay the amount for materials or labor on said building to the party or parties furnishing the material or performing labor, and the receipt of any or all such parties to the amount actually due them shall be accepted by the second party as though so much cash in hand paid. The aggregate amount to be paid by said first party in no event, however, to exceed the said sum of $22,500." After the building had been partially erected by Murphy he abandoned the contract and failed to complete the same. Gray was notified of such failure by respondent, and the former took an assignment of the contract from Murphy and proceeded to, and did, complete the building according to the terms of the said agreement. He expended therefor $7,742.63, and received from the respondent on various estimates $3,426.82, and no more. It is the difference between said amounts, the sum of $4,315.81, for which the respondent is asked to issue its warrant. It is disclosed that at the time of the assignment of the contract to Gray, and when he commenced the completion of the building, there were several unpaid sums due material-men and subcontractor of Murphy for materials furnished and labor performed in the erection of the building, aggregating the amount in controversy herein, which several sums the school board subsequently paid to the respective owners and holders of the claims.

The question presented for consideration is whether

the payments made by the respondent to Murphy's sub-contractors after the assignment of the contract are binding upon Gray. It is urged by counsel for relator that the decision rendered when the case was before this court the first time is *res judicata*. It is a general rule that the decision of the supreme court is conclusive upon the parties, as to questions determined therein, on the subsequent trial of the case in the same or the lower court. When this cause was before us first the question was as to the sufficiency of the petition, and it was determined that, upon the facts stated in the petition, *mandamus* would lie. (*Gray v. School District*, 35 Neb., 438.) Since the judgment of reversal was entered an answer and a reply have been filed, and the issues tendered were tried upon the evidence adduced. It is insisted that the averments of the petition were supported by the proofs. Some of them were, others not. The agreement set up in the sixth paragraph of the petition alleged to have been made between Gray and the school board was not established on the trial. On the contrary, there were proofs tending to show no contract of that character was made. There was also evidence tending to prove other matters not in accord with the statements contained in the petition.

In the first opinion it was held that the petition disclosed that the stipulation in the contract for the erection of the building had been disregarded. It was said: "The defendant no doubt had a right under the contract to pay the workmen and material-men instead of paying the contractor, but to hold the surety liable the payments must be made upon each estimate so far as it sought to charge the eighty-five per cent. No doubt claims of that kind may be deducted from the fifteen per cent held back till the completion of the contract." It was not established upon the trial that the contract had been violated by the respondent making payments either to the contractor Murphy or to his subcontractors in excess of the amounts due on the estimates. It is obvious that Murphy

could not have refused to accept as payments the receipts taken by the respondents from the laborers and material-men, and Gray, by virtue of the assignment, takes the place of his assignor. There was not merely an assign-ment of the moneys thereafter to be earned, but Gray acquired the whole contract with its burdens and obliga-tions. (*Union P. R. Co. v. Douglas County Bank*, 42 Neb., 469.) For an analogous case see *Knapp v. Swancy*, 56 Mich., 345.)

There was no error in refusing a writ of *mandamus* in this case, and the judgment below stands

AFFIRMED.