No. 2985. Decided November 14, 1898.]

W. A. PETERS *et al., Executors, Appellants,* v. E. A. MAC-
KAY, *Defendant,* T. D. HINCKLEY, *Respondent.*

BUILDING CONTRACTOR'S BOND—OVERPAYMENTS ON CONTRACT—LIABIL-
ITY OF SURETIES.

A surety upon the bond of a building contractor is released, where the payments to the contractor are in excess of the amounts provided for under the contract.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Strudwick & Peters,* for appellants.

*Fred H. Peterson,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Defendant Mackay entered into a building contract with Heilbron, now represented by the appellants as executors, for the sum of $1,545. Mackay agreed to furnish all labor and material necessary for the construction of a house and to complete the same on or before December 22, 1893. The work was to be performed and finished under the direction and to the satisfaction of architects, acting as agents of Heilbron, and the contract contained, among others, the following stipulation with reference to the payment of the contractor, Mackay, viz., that the whole amount should be paid in four installments, according to the progress of the building, and upon certificates of the architects, and all but the last payment to be to the amount of but seventy-five per cent. of the value of the work done and material furnished, as estimated by the certificate. At the time the contract was executed, Mackay, with Hinckley as surety, executed and delivered to Heilbron a bond for the faithful performance of the contract, which contained the following condition:

"If the said E. A. Mackay shall fulfill said contract according to the terms as therein set forth, and pay or cause to be paid all bills for material and labor in the construction of said building, then the above obligation to be void."

Mackay entered upon the work after the execution of the contract, and the first and second installments were paid to him under appellants' contract, according to estimates and certificate. After that, the architects ascertained that some of the laborers were not paid, and that Mackay was using some of the money he had received on payment of the installments for other purposes. They refused to give him a certificate for the third installment, and Mackay then agreed to give orders on Heilbron to the

laborers and material men to whom he was in debt on account of the building, which orders were to be approved by the architects and paid by Heilbron.  The whole amount due on the third installment was paid in this way. When the building was completed, it was ascertained by the architects that the amount due by Mackay for labor and material for the house considerably exceeded the amount due him under the contract, and the fourth installment was not paid directly to Mackay.  To avoid the filing of liens, Heilbron notified Mackay and his surety, the respondent, that the amounts due laborers and material men must be paid, or that he, Heilbron, would pay them and charge Mackay and respondent with them; and he did so pay to the amount of $167.81, and thereafter brought this action against the defendant Mackay and respondent Hinckley, for breach of the conditions of the bond.  It appears from the record that, after the payment of the first and second installments, the payments were made to the contractor in excess of the seventy-five per cent. estimate of the whole contract before the completion of the building—an excess greater than the amount claimed here.  The contract to build and the bond securing a faithful performance of the contract are to be read together; and, under the stipulation contained in the contract, but seventy-five per cent. of the amount earned should have been paid on the third installment, and none on the last installment, until the completion of the building, and production of evidence that all laborers and material men had been paid.  The surety is released where the payments of the contractor are in excess of the amounts provided for under the contract. *Bragg v. Shain,* 49 Cal. 131; *Brennan v. Clark,* 29 Neb. 385 (45 N. W. 472); *Gray v. School District,* 35 Neb. 438 (53 N. W. 377); *Simonson v. Grant,* 36 Minn. 439 (31 N. W. 861); *Evans v. Graden,* 125 Mo. 72 (28 S. W. 439); *Board of*

*County Commissioners v. Branham,* 57 Fed. 179; *St. Mary's College v. Meagher,* (Ky.) 11 S. W. 608.

The judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR and GORDON, JJ., concur.