DAVIDSON v. BAKER FUEL OIL
BURNER CO. ET AL.
LUDERBACH v. BAKER FUEL OIL
BURNER CO. ET AL.

———

(April 13, 1931. Opinion and Decree.)

Titche, Kiam & Titche, of New Orleans, attorneys for plaintiff, appellee.

Dart & Dart, Louis C. Guidry, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. George W. Davidson sued W. L. Baker, doing business as Baker Fuel Oil Burner Company, and L. F. Luderbach, alleging that on September 11, 1926, he entered into a written contract with Baker to install a certain heating system in his residence; that he paid Baker $1,000 on account of the contract price of $1,685; that the installation was defective, and that all apparatus connected with the automatic part of the plant had to be removed and another burner installed; that Baker, being unable

to do the work, had employed Luderbach to do so, and that all defects complained of were attributable to Luderbach and Baker; that Luderbach had made demand upon plaintiff for payment of $756.70, and, failing to receive same, had illegally recorded in the mortgage office a lien and privilege which should be canceled.

The plaintiff prayed for judgment against Baker and Luderbach, declaring a breach of contract by Baker, and ordering the cancellation of the lien filed by Luderbach, and for judgment against Baker, but not against Luderbach, for $3,000, representing damages sustained from illness, suffering, anxiety, etc.

Exceptions of vagueness were filed and sustained, and plaintiff was ordered on April 22, 1927, to amend his petition to show the amount and cause of his damages with greater certainty.

In the meantime, Davidson having delayed filing this amendment, Luderbach filed another suit, May 10, 1928, against Davidson and Baker, the allegations of which suit will presently be detailed. Shortly after the filing of this suit, Davidson amended his pleadings, giving temperatures on certain days, and claiming $500 for suffering from the cold and $250 for suffering from smoke and soot.

The answer of Luderbach, coupled with a reconventional demand, in the suit brought by Davidson, and the allegations of his petition in his suit against Baker and Davidson, are identical, and substantially are that he was a subcontractor employed by Baker to install the heating system with the exception of furnishing and installing the burner, the condensation pump, the oil storage tank, the building to house the boiler and burner, the electric wiring and the lining of the boiler with fire brick, which work he verbally agreed to do for $1,322, and which he performed to the full satisfaction of the said Baker and Davidson; that, during the progress of the work, he agreed with Baker to perform certain extra work for the sum of $199.98; that, after the completion of the work, he was requested by F. J. Ebel, on behalf of Mr. Davidson, and by Baker, to install a new section to replace a broken one in the boiler, which he did at a cost of $71.70; that, in order to secure to him the payment of the amount of his subcontract, Baker assigned to him his contract with Davidson; that he was paid $1,000 by Baker, and, failing to secure payment of the balance due him, he filed his lien in the mortgage office against the building. He prays for judgment against Davidson and Baker in the sum of $593.68 and for recognition of his lien and also the assignment.

Baker answered, admitting both agreements with Davidson and Luderbach, but defended the suit of Davidson against him on the ground that, before he could complete the work on the installation and adjustment of the burner, Davidson took over the job while he (Baker) was actually on the job. He defended the Luderbach suit on the ground that he had made an absolute assignment of the Davidson contract to Luderbach without any guarantee of payment by Davidson.

Davidson's answer to the Luderbach suit contains practically the same allegations as his petition in the original suit.

Answers having been filed by all parties in both cases, these suits were on joint motion consolidated and in due course tried together as one suit.

After trial, the court rendered judgment in favor of Davidson for the sum of $250

damages against Baker, and dismissed all claims of Luderbach against Davidson, but gave judgment in favor of Luderbach against Baker for the amount claimed, namely, $593.68.

Luderbach alone has appealed from the judgment, and hence it is final as to Baker.

The record shows that Davidson, desiring to have an automatic heating system installed in his residence, entered into a written contract with Baker, who was engaged in the business of manufacturing fuel oil burners and pumps and installing fuel oil burning equipment, as follows:

"New Orleans, U. S. A.
"Sept. 8, 1926.
"Mr. George W. Davidson, 1206 Nashville Ave., New Orleans, La.

"Attention Mr. Ebel.

"Dear Sir: We propose to heat your house at the above address using ample Radiation and all galvanize piping.

"Furnishing Boiler, erect Boiler room, furnish Baker Crude Oil Burner Fully Automatic, furnish a 1000 gallon steel tank, run fill pipe to curb and fit with lock and key, for the sum of $1685.00 (one thousand six hundred and eighty-five dollars). All work guaranteed for one year from date of this contract.

"All work and equipment done in strict accordance with The Fire Prevention Bureau, and guaranteed, and defect showing up in a period of five years, on Oil Burner only, will be placed free of charge.

"House will be heated to 72 degrees no matter what outside temperature is. All work to be painted any color you selected, by us.

"Will weather board front and back boiler room, cut off valves on all radiators.

"Yours very truly,
"W. L. Baker.
"[Signed] W. L. Baker.
"Accepted this the 11th day of Sept. 1926.
"By [Signed] Geo. W. Davidson."

This contract was not recorded in the mortgage office, and no bond was exacted.

In the latter part of September, 1926, Baker entered into a verbal agreement with Luderbach, who is a plumbing and heating contractor, to have him install all of the heating system except the burner, condensation pump, the oil storage tank, the building to house the boiler and burner, the electric wiring, and the lining of the boiler with fire brick for the sum of $1,322.

Before the work started Baker, in writing assigned the contract to Luderbach during the latter part of September, 1926, as follows:

"We, the Baker Fuel Oil Burner Company, hereby assign this contract in full power to the Luderbach Plumbing Co. of New Orleans, La.
"[Signed] W. L. Baker."

After the assignment of the contract, Luderbach installed the heating system, using the burner and condensation pump which were manufactured and furnished by Baker. After a certain amount of work was installed, Luderbach requested payment of $1,000 from Davidson, who reluctantly made a check payable to Baker for that amount which was indorsed over to Luderbach.

It appears that the work was started in the late part of September and was completed in the latter part of November. The weather was very cold, and, due to defects in the heating system, Davidson was unable to keep his home properly heated. He repeatedly complained to Baker of the defects, and particularly that the burner and pump were not operating properly, and, in spite of Baker's repeated efforts to remedy the trouble, he was unsuccessful.

On January 7, 1927, Davidson by registered letter notified Baker that, unless the heating system was made to function properly, he would have to have other equipment installed.

On January 17, 1927, Davidson entered into a written contract with Mayer Godchaux & Co., Inc., to remedy the defects in the heating system and to install a "Quiet May" oil burner, a new condensation pump, and other necessary electrical work and piping for the sum of $1,175, in order to make the heating system operate properly.

While the original contract with Baker was for $1,685 to install the heating system, as a result of the defects, the total cost of the installation of the heating system to Davidson was $2,193. After Mayer Godchaux & Co., Inc., made the corrections its expert recommended, the heating system worked all right, and Davidson had no further trouble.

Luderbach contends that he was a subcontractor; and that he properly installed his work, and consequently he is not responsible for any defective machinery and equipment furnished by Baker, and further that the assignment by Baker to himself was a partial one, because it was given merely as security for the payment of the contract price of $1,322, covering the work which Luderbach was to install as subcontractor, and that, being a subcontractor, he has a lien on the building.

Davidson contends that the assignment of the contract was absolute; and that, as Luderbach installed the system, he lost his status as a subcontractor, and assumed the same rights and responsibilities as Baker under the provisions of the contract, and hence he had no lien, as the work was not correctly done and finished.

While it is true that Davidson repeatedly complained to Baker, and Baker attempted to remedy the defects in the heating system, and particularly the pump and burner, it also appears that Davidson did not know that the contract was assigned to Luderbach, and therefore looked to Baker to carry out the guarantee of the contract. Davidson had a right to call upon Baker because he had never waived his rights as against Baker, and never agreed to look solely to Luderbach as the assignee of the contract.

It is hardly probable that it was Luderbach's intention to merely accept a partial assignment of the contract for the purpose of securing the money that Baker would owe him after he had performed his services, because the language of the assignment and his action in going ahead and installing the heating system entirely negatived any such idea or purpose.

We are of the opinion that the assignment is an absolute one, and that Luderbach as assignee accepted, not only the benefits of the contract, but also the responsibilities which went with it.

Since the assignment is an absolute one, Luderbach lost his status as a subcontractor and occupied the position of contractor, and, as such, was fully responsible for the proper operation of the heating system as guaranteed by the written contract. The evidence shows that the system was defective and failed to furnish proper heat.

It is clear to us that Baker could not have enforced payment of the balance of the contract as against Davidson, and consequently, as Luderbach as assignee assumed the same responsibilities, he is now in the same position. Williams & Co. v. Roach, 12 La. App. 305, 125 So. 465; Adams v. Webster, 25 La. Ann. 117; Kugler v. Taylor, 19 La. Ann. 100; Gray v. Thomas, 18 La. Ann. 412; 5 Corpus Juris, p. 976, "Assignments," sec. 168; State v. School District of Norfolk, 51 Neb. 237, 71 N. W. 727; 5 C. J. p. 947, sec. 122.

For the reasons assigned, the judgment appealed from is affirmed.