KNOLL, Judge.
Insured Lloyds (hereafter Lloyds), a third-party defendant, seeks supervisory relief from a judgment of the trial court which denied its motion for summary judgment, seeking a dismissal of certain third-party demands filed by Central Louisiana Electric Company, Inc. (hereafter CLECO), and Evangeline Cable Television, Inc. (hereafter Evangeline) against Lloyds on the ground of res judicata. Lloyds’ motion for summary judgment was filed in response to a motion of CLECO seeking to fix its third-party demand against Lloyds for trial on the merits. We recall and deny the writ in part and we grant and make peremptory the writ in part.
The facts and the procedural disposition of this case are contained in our earlier opinion in Piper v. Central Louisiana Elec. Co., Inc., 446 So.2d 939 (La.App. 3rd Cir.1984), and will not be repeated herein. In our earlier opinion we addressed the arguments of Perron Insurance Agency, *8 Inc. (hereafter Perron)[1], an intervenor, that the decision of the trial court which dismissed the third-party demands of CLE-CO and Evangeline against Lloyds on a motion for summary judgment was erroneous. After an exhaustive analysis of the facts and laws involved, we concluded:
“For the foregoing reasons, the summary judgment of the trial court dismissing Insured Lloyds from the third party demands of CLECO and Evangeline is hereby reversed and the matter is remanded for further proceedings. All costs of the motion for summary judgment and this appeal are assessed to appellee, Insured Lloyds; other costs to await final disposition.”
Lloyds neither sought a rehearing nor applied to the Louisiana Supreme Court for writs of certiorari; therefore, the judgment became final and definitive.
On remand to the trial court Perron was granted summary judgment against Evangeline on May 21, 1984, and no further action was taken in this matter until August 10, 1987, when CLECO filed a motion to fix its third-party demands against Evangeline and Lloyds for trial. Lloyds countered by filing a motion for summary judgment on February 3, 1988, alleging that CLECO’s and Evangeline’s claims against it were foreclosed under res judica-ta, by reason of the fact that the earlier judgment of the trial court which sustained Lloyds’ motion for summary judgment dismissing the third-party demands of CLECO and Evangeline had become final. The trial court denied Lloyds’ motion and this writ ensued.
It is well settled that a judgment becomes final as to any party who does not timely appeal. Bellard v. CNA Ins. Co., 506 So.2d 1228 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 817 (La.1987). Further, a party who neither appeals nor answers the appeal can not have the judgment modified to his advantage. Davidson v. Baker Fuel Oil Burner Co., 134 So. 108 (La.App.Orl. 1931); Broderick v. Broderick, 191 La. 492, 186 So. 5 (1939). It is clear that CLE-CO is now attempting to fix the same third-party demand for trial on the merits which was previously dismissed by final judgment of the trial court. Since CLECO did not timely appeal that judgment and Perron’s appeal did not constitute an appeal on its behalf, we conclude that our opinion reported at 446 So.2d 939 (La.App. 3rd Cir.1984), cannot serve to revive any rights of CLE-CO which were finally foreclosed by the trial court’s judgment which became final and res judicata long before we rendered that opinion. However, this same result does not follow in the case of Evangeline. As indicated in our footnote, infra, Evangeline did timely appeal and that appeal was disposed of in our previous decision reported at 446 So.2d 939 (La.App. 3rd Cir.1984). Considering this circumstance, the trial court did not err when it denied Lloyds’ motion for summary judgment seeking dismissal of Evangeline on the ground of res judicata.
For the foregoing reasons, we grant and make peremptory Lloyds’ writ of certiorari and order CLECO’s third-party demand against it dismissed with prejudice. Lloyds’ writ of certiorari is recalled and denied in so far as Lloyds seeks dismissal of Evangeline’s third-party demand on the ground of res judicata. Costs in connection with this writ application are assessed one-half to CLECO and one-half to Lloyds.
WRIT RECALLED AND DENIED IN PART, AND IN PART MADE PEREMPTORY.
KING, J., concurs in part and dissents in part for written reasons assigned.

. Although in our earlier decision, we noted that only Perron appealed Lloyds’ dismissal, upon close examination of the record it is now clear that Evangeline was also granted an appeal from that judgment on April 18, 1983.